UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-mj-03344-JG

UNITED STATES OF AMERICA,

vs.

ABDUL RAHMAN SIDDIQUI,
     Defendant.
                                 /

**DEFENDANT ABDUL RAHMAN SIDDIQUI SENTENCING MEMORANDUM**

The Defendant, ABDUL RAHMAN SIDDIQUI, (hereinafter Mr. Siddiqui), by and through undersigned counsel, and pursuant to Federal Rules of Criminal Procedure respectfully requests that this Honorable Court consider the following in sentencing Mr. Siddiqui to the incarceration he has already served. Thereafter Mr. Siddiqui, who has had his immigration visa cancelled, would be transferred to the custody of the Department of Homeland Security where he will be eventually deported to his native Saudi Arabia.

Abdul Rahman Siddiqui appears before this Court for sentencing. Unquestionably, the most solemn duty of any judge presiding in criminal court is the responsibility, or some would say burden, of determining a legal and just sentence for a person who has committed a crime. Mr. Siddiqui's expeditious plea of guilty after having been formally charged, his acceptance of responsibility, and his genuine remorse and embarrassment, are important factors that should play a significant role in determining his sentence. However, it is incumbent on Mr. Siddiqui and undersigned counsel, to provide as much additional information to this Court concerning him as an

individual, his background, and his profound shame, at having committed this crime in order to individualize him and put him and his crime in the proper perspective so that the Court may make an informed decision regarding his sentence.

In support of this motion, the facts as previously adopted in the plea agreement are undisputed. The advisory sentencing guidelines calculation in the Presentence Investigation Report (PSIR) place him at Total Offense Level of 7 which provides for an imprisonment range of 0 to 6 months.

Mr. Siddiqui is a 19-year-old student who came to the United States from Saudi Arabia in order to attend an aviation academy and receive training to become a commercial airline pilot. He grew up in a rather large and very loving family. At his home lived his parents, grandparents and various cousins, uncles, and aunts. He was doted on but raised in a very traditional family. However, over two years ago, Mr. Siddiqui's father, Ridwan Siddiqui, succumbed to cancer from which he had been suffering for quite some time. Mr. Siddiqui was very close to his father and his loss after a prolonged debilitating illness affected him deeply.

Mr. Siddiqui became quite distant from his family and distracted from his schooling. After graduating with mediocre grades he found himself with nothing to do and no plans for the future. It was at this time, through an acquaintance that he began using illegal drugs, in particular hashish. He would periodically gather at a friend's house with other acquaintances and consume that drug despite the severe consequences that Saudi Arabia imposes on any possession or sale of illegal narcotics.

His family became concerned with his directionless life until his grandfather, who has been a pilot for Saudi Airlines for over twenty years, convinced him to enroll in

aviation school in the United States.  Mr. Siddiqui began to take some basic courses in Saudi Arabia and thereafter decided to enroll at an aviation school in Miami.

Since he would be away from home for the foreseeable future, Mr. Siddiqui began to celebrate and party with his friends and of course, use more hashish, including the day before he left on his ill-fated trip to the United States.  He arrived home on the night before his departure and with the assistance of his mother packed his suitcases and set off for the airport in Jeddah, Saudi Arabia where his flight was to Paris and then Miami.

During this time, and beginning in Jeddah, Mr. Siddiqui began to hallucinate and suspect that people were following him.  Once he arrived in Paris his hallucinations continued and he even sent a text message to his mother saying he was being followed at the airport. *See Exhibit A*.   Airline personnel observed his strange demeanor and subjected him to extra security screenings.  Nevertheless, he was allowed to board the American Airlines flight to Miami.

At what point during the flight the flight attendants, who had been observing his strange demeanor, saw him leave his assigned seat and attempt to open the cabin door.  They immediately restrained him and had another passenger stand watch over him for the remainder of the flight.  Mr. Siddiqui never resisted in a violent manner and the rest of the flight was uneventful.  Upon arrival in Miami, he was taken into custody and interviewed by various federal agents.  He has been incarcerated since September 5, 2018.

A few weeks ago, Mr. Siddiqui agreed to meet with the prosecutor and two of the federal agents who arrested him and in the presence of undersigned counsel answered all of their questions to the best of his ability.  Thereafter, Mr. Siddiqui agreed to plead

guilty and appear before this Court for sentencing.

In conclusion, this Court is faced with an important decision. However, the Court's sentence will be most important and consequential to one person, Abdul Siddiqui. Too often we forget that the decisions made by the courts, the prosecution, and even a defense lawyer, can have permanent and life-changing effects on an individual. Mr. Siddiqui appears before this Court filled with remorse and shame for what his conduct has wrought. Besides now being a convicted felon and permanently banned from ever travelling to the United States, it is very unlikely that he will ever be permitted to become a pilot in his native Saudi Arabia because of the importance they give to being trained by an officially FAA licensed aviation school in the United States. His conviction may also hamper his ability to ever travel to Europe and other regions that cooperate with the United States in sharing information regarding these matters. In the end, Mr. Siddiqui, who is all of 19 years old, regardless of the Court's sentence will be deported from the United States as a convicted felon and whose foolish decisions at such a young age will have permanent consequences for his career prospects and perhaps for his ability to travel. For such reasons, we are requesting that the Court sentence him to the approximate three months he has already served so that that he could be transferred to the custody of the Department of Homeland Security and deported. Further incarceration, in our opinion, is not merited and the Court should take into account his remorse, young age, and the permanent consequences of his actions.

Respectfully submitted,

/s/ Eric C. Padrón

Eric C. Padrón, Esq.
Counsel for the Defendant
FL. Bar No.: 107840
1900 Coral Way, Suite 202
Miami, Florida 33145
Tel: 305.461.0095
ECP@ECPadronlaw.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 25th day of November 2018 and served on all parties of record via the CM/ECF system.

/s/ Eric C. Padrón
Eric C. Padrón, Esq.